Filed 10/6/21  P. v. Barrera CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E075416 |
| v. | (Super.Ct.No. RIF102091) |
| MARCO ANTONIO BARRERA, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  John D. Molloy, Judge.  Affirmed.

Reed Webb, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta and Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, and Steve Oetting and Eric A. Swenson, Deputy Attorneys General, for Plaintiff and Respondent.

Marco Antonio Barrera pled guilty to attempted murder in 2002 and was sentenced to 38 years in prison. In 2019, the California Department of Corrections and Rehabilitation (CDCR) recommended recalling his sentence and resentencing him based in part on his exemplary behavior while in prison. The trial judge did recall the sentence, but after hearing argument resentenced Barrera to the exact same term. Barrera argues the judge abused his discretion by refusing to modify his sentence. We see no abuse of discretion and therefore affirm.

I

FACTS

Eugene C. and Barrera were acquaintances who used methamphetamine together. In 2002, Eugene was working in an apartment alone when Barrera entered singing a threatening song. For unknown reasons Eugene said, "What are you waiting for? Get on with it," then stood up. Barrera grabbed Eugene's arm, pulled a gun from his waistband, and shot Eugene in the head. Barrera shot Eugene twice more while he was on the ground. Eugene was able to flee to another apartment and get help, surviving the attack.

The Riverside County District Attorney charged Barrera with premeditated attempted murder and unlawfully possessing a firearm as a felon. (Pen. Code, §§ 664, subd. (a), 187, subd. (a), 12021, subd. (a)(1), unlabeled statutory citations refer to this code.) The information also alleged enhancements for personally firing a firearm causing great bodily injury (§ 12022.53, subd. (d)) and for personally causing great bodily injury. (§ 12022.7, subd. (a).) Finally, the information alleged Barrera had two prior serious

felony convictions (§ 667, subd. (a)) and four prior strike convictions. (§§ 667, subds. (c) & (e)(1), 1170.12, subd. (c)(1).)

After reaching a plea agreement, Barrera pled guilty to unpremeditated attempted murder, and admitted a firearm use enhancement (§ 12022.53, subd. (b)) one prior strike, and both prior serious felony enhancements. Following the terms of the agreement, the trial court sentenced Barrera to 38 years in prison, composed of nine years for the attempted murder—doubled to 18 due to the prior strike—10 years for the firearm enhancement, and two five-year terms from the prior serious felony enhancements.

In 2019, Senate Bill No. 1393 (2017-2018 Reg. Sess.) (Senate Bill 1393) went into effect, which allowed a trial court to strike or dismiss a prior serious felony enhancement. That same year the Secretary of the CDCR sent the trial court a letter recommending it recall Barrera's sentence and reconsider whether to strike the prior serious felony enhancements. Barrera filed a petition seeking the same, which the prosecution opposed.

The trial judge heard argument on July 21, 2020. While the judge did recall Barrera's sentence, he didn't exercise his discretion to strike any of the enhancements and reimposed the exact same sentence.

Barrera timely appealed.

II

ANALYSIS

Barrera argues the trial judge abused his discretion in refusing to strike either of the five-year prior serious felony enhancements, as he had the power to do under the law as amended by Senate Bill 1393.[1] The People disagree, and we agree with the People.[2]

Senate Bill 1393 amended sections 667, subdivision (a), and 1385, subdivision (b), to allow a court to exercise its discretion to strike or dismiss a prior serious felony conviction for sentencing purposes. (Stats. 2018, ch. 1013, §§ 1 & 2.) Before the amendment, courts were required to impose a five-year consecutive term for "any person convicted of a serious felony who previously has been convicted of a serious felony." (Former § 667, subd. (a)(1).) The statutes left no discretion for a trial judge "to strike any prior conviction of a serious felony for purposes of enhancement of a sentence under Section 667." (Former § 1385, subd. (b).)

---

[1] In his opening brief, Barrera argues the court's reliance on the preliminary hearing transcript meant it "was not in a position to know very much about why the crime occurred or the person committing it." However, in his reply brief Barrera concedes that "[i]t is not [his] contention that the superior court 'erred by relying on the facts adduced at the preliminary hearing when it made its ruling.' " Because Barrera doesn't claim any error from the court's reliance on the preliminary hearing transcript, we do not address this argument.

[2] The People also argue that section 1170, subdivision (d), doesn't permit a trial court to modify a sentence entered after a negotiated plea, or that changes to the court's discretion don't apply retroactively to Barrera's final judgment. Because the court didn't modify Barrera's sentence, and because (as explained below) Barrera's appeal fails on the merits, we do not reach these issues.

"We review a court's decision to deny a motion to strike a five-year prior serious felony enhancement for an abuse of discretion. No error occurs if the trial court evaluates all relevant circumstances to ensure that the punishment fits the offense and the offender." (*People v. Shaw* (2020) 56 Cal.App.5th 582, 587.) "The trial court's sentencing discretion must be exercised in a manner that is not arbitrary and capricious, that is consistent with the letter and spirit of the law, and that is based upon an 'individualized consideration of the offense, the offender, and the public interest.' " (*People v. Sandoval* (2007) 41 Cal.4th 825, 847.) On appeal the trial court is " ' "presumed to have acted to achieve legitimate sentencing objectives" ' " and the decision to impose a particular sentence will not be set aside unless an affirmative showing is made that the sentence "is so irrational or arbitrary that no reasonable person could agree with it." (*People v. Carmony* (2004) 33 Cal.4th 367, 376-377.)

In exercising this discretion, the trial judge may "consider 'postconviction factors, including, but not limited to, the inmate's disciplinary record and record of rehabilitation while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the inmate's risk for future violence, and evidence that reflects that circumstances have changed since the inmate's original sentencing so that the inmate's continued incarceration is no longer in the interest of justice.' " (*People v. McCallum* (2020) 55 Cal.App.5th 202, 210.)

Barrera concedes the trial judge didn't commit a legal error when he exercised his discretion to reimpose the same sentence. Instead, he argues the error was "more like a

*moral* or what might even be described as a *cultural* error in the decision-making process." Barrera argues the "decision to reinstate the original sentence failed to align itself with the spirit of the law found in the recent amendments" to section 1170. Barrera points out that in the 18 years since his conviction his behavior has been exemplary, that he is now 60 years old, and that at the time of his offense he was—but is no longer—a repeat methamphetamine user. He argues that these and other factors indicate he is reformed and unlikely to reoffend, and that the amendments to section 1170 counsel in favor of leniency.

We agree the amendments to section 1170 show the legislature intended to reduce the burden of mandatory enhancements on certain inmates for whom these mandatory sentences are no longer just. We also agree Barrera's behavior since his conviction shows real reform, for which we commend him.

However, we cannot agree these factors render the trial court's sentencing decision arbitrary, capricious, or irrational. As the trial judge explained, he "saw no mitigating factors" and felt "[t]his was a vicious attack. It was aggravated in every way that it can be aggravated." The judge said he was happy with Barrera's performance in prison but said that doesn't change the seriousness of the crime. Moreover, he pointed out that without the plea bargain Barrera faced a minimum of 43 years to life, meaning he would not have even been eligible for parole until his mid-80's if at all. Accordingly, the trial judge felt Barrera "received the full benefit of what he bargained for," and wasn't inclined to disturb the bargain.

6

Even if we disagree with this judgment or agree that Barrera is deserving of the court's mercy, the trial judge didn't abuse his discretion by resentencing Barrera to the same sentence he originally received. The judge considered several of the factors contemplated by section 1170, subdivision (d), but concluded even though these factors weighed in Barrera's favor, the negotiated sentence was appropriate. The sentence was not arbitrary, capricious, or irrational given the facts available. While it's true the recent amendments to section 1170, subdivision (d), and other sentencing statutes permit trial judges to exercise leniency, they don't compel them to do so.

## III

## DISPOSITION

We affirm.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

SLOUGH _____
                                                                                    J.

We concur:


CODRINGTON _____
            Acting P. J.


FIELDS _____
            J.